*The Honorable John C. Coughenour*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AUBREY V. TAYLOR,

Plaintiff,

v.

SARA BLOND; LOVISA DVORAK,

Defendants.

No. 2:23-cv-01717-JCC

**NOTICE OF CERTIFICATION OF FTCA SCOPE OF EMPLOYMENT RE: FBI SPECIAL AGENT SARA BLOND and KENT P.D. DET. LOVISA DVORAK**

COMES NOW Brian M. Donovan, Assistant United States Attorney and Civil Chief for the United States Attorney's Office for Eastern District of Washington, pursuant to the provisions of 28 U.S.C. § 510, 2679(d)(1) and (2), the authority delegated by Appendix to 28 C.F.R. §§ 15.1, 15.3 and 15.4 (1990), the powers delegated by Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and as appointee of the United States Attorney General, and hereby certifies that:

**A.     Case Background**. The Plaintiff *Pro Se*, a prisoner at FCI Atwater, was convicted of several counts of human trafficking for the purpose of commercial sex acts, which offenses were found by a jury to have been committed through Plaintiff's use of force, fraud and coercion. *See U.S. v. Aubrey V. Taylor,* 2:16-cr-00300-RS (Dist. Ct., WDWA) (criminal case prosecution); *U.S. v. Taylor*, 828 Fed.Appx. 491, 493 (9th Cir., Nov. 4, 2020) (first direct appeal); *U.S. v. Taylor,* 2024 WL 1108601 (9th Cir. March 14, 2024) (appeal post-resentence, affirming

Federal Certification of Scope of Employment  -  1

*United States Attorney's Office (EDWA)*
P.O. Box 1494, Spokane, WA 99210-1494
(509) 353-2767

imprisonment of 276 months, 15 years of supervised release; and $348,000 in restitution to his trafficking victims).

I have reviewed Plaintiff's First Amended Complaint (FAC) and his Motion to Supplement. Dkt. 8, 15. The FAC and Motion to Supplement allege that FBI Special Agent Sara Blond and Kent Police Department (PD) Detective and FBI Task Force Officer (TFO) Lovisa Dvorak, two federally authorized law enforcement officials, violated his Fourth and Fourteenth Amendment rights. The Plaintiff Taylor alleges that SA Blond and TFO Dvorak violated his constitutional rights by, *inter alia*, failing to more timely apply for and execute a search warrant on one of Plaintiff's cell phones, which was previously lawfully seized from him during an October 14, 2016, arrest by the Kent Police Department on a Washington State charge for involving domestic violence. This asserted Fourth Amendment violation, through omission, allegedly occurred in connection with these federal law enforcement officers conducting their criminal case investigation of the Plaintiff for his federal felony criminal offenses of human trafficking, through fraud, force and coercion, for the purpose of having his trafficked females perform commercial sex acts, all in violation of 18 U.S.C., §§ 2, 1591(a)(1) and 1591(b)(1). Dkt. 302 (Jury Verdict).

Plaintiff further claims in his FAC (and subsequently filed Motion to Supplement FAC), that Defendants' alleged violation of the reasonable time search requirement under the Fourth Amendment (resulting in the Ninth Circuit's reversal of two of Plaintiff's five convictions for human trafficking) constitutes a constitutional tort. Plaintiff further indicates in his filings that the alleged acts of SA Bland and TFO Dvorak are also common law torts (i.e., "plaintiff wrongfully convicted" = malicious prosecution, etc.), which Plaintiff claims entitles him to an award of damages. Dkt. 8, 15. Plaintiff also avers in the Motion to Supplement that he is also entitled to an assortment of other derivative remedies related to his criminal case. *See* Dkt. 8 at

Federal Certification of Scope of Employment  -  2

*United States Attorney's Office (EDWA)*
P.O. Box 1494, Spokane, WA 99210-1494
(509) 353-2767

pgs. 5, 9; Dkt. 15, pgs. 1-3. In sum, Plaintiff's FAC and later Motion to Supplement essentially asserts civil rights torts, as well as common law torts (i.e., "wrongful conviction" - malicious prosecution; etc.), under § 1983, the FTCA, and potentially *Bivens*.

**B.      Standard for Scope of Employment Certification under the FTCA.** The FTCA's scope of employment for FTCA coverage purposes is determined according to "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Generally, this is the *respondeat superior* law of the state where the alleged tort occurred. *Kashin v. Kent*, 457 F.3d 1033, 1037 (9th Cir. 2006); *Green v. Hall*, 8 F.3d 695, 698-99 (9th Cir. 1993). Here, Washington state law applies. In Washington, a person is acting as an employee if s/he was performing the duties required by a contract of employment or a specific directive of the employer, or as it is sometimes stated, "whether he was engaged at the time in the furtherance of the employer's interest." *Johnson v. U.S.*, 2021 WL 1813378, *1 (W.D. WA May 6, 2021) (quoting *Rahman v. State of Washington*, 170 Wn.2d 810 (2011), *superseded on other grounds by statute* (2011). Conversely, an employee's conduct is "outside of the scope of employment if 'it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve a master.'" *Carlson*, 2019 WL 2602259, at *3 (W.D. Wash. 2019) (citation and quotation to Restatement Second omitted).

An employer in Washington is not required to specifically authorize an employee's conduct; "rather, the 'proper inquiry is whether the employee was fulfilling his or her job functions at the time … [of] injurious conduct.'" *Id*.; *Etherage v. West*, 587 F. App'x 390, 391 (9th Cir. 2014) (same). Washington courts focus particularly on whether the defendant was, "'*engaged at the time in furtherance of the employer's interest*.'" *Finley v. Holoszyc-Pimentel*, 2018 WL 784588, *3 (W.D. Wash. 2018) (quoting *Pauly v. U.S.D.A.* 348 F.3d 1143, 1151 (9th Cir. 2003)) (emphasis in original). "The *Dickinson* court explicitly noted that the presence of a benefit to the employer is of particular

Federal Certification of Scope of Employment  -  3              *United States Attorney's Office (EDWA)*
                                                                 P.O. Box 1494, Spokane, WA 99210-1494
                                                                 (509) 353-2767

emphasis in evaluating whether an employee was acting within the scope of employment." *Id*. (citing *Dickinson v. Edwards*, 105 Wn.2d 457, 467 (1986) and collecting Washington cases)).

In the U.S. Attorney Office's discretionary determination, it appears that none of Plaintiff's alleged tortious – misconduct conduct is inconsistent with the FBI Special Agent Blond's and/or the Safe Children TFO Dvorak's federal law enforcement duties, nor their alleged roles and/or conduct in performing human trafficking investigations and assisting with criminal case prosecutions. Plaintiff's allegations are not so "different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." *Carlson*, 2019 WL 2602259 at \*3. Moreover, importantly under Washington State law, their alleged conduct furthered the FBI's and the Task Force's mission, which is to combat human trafficking crimes and other related federal felonies. Thus, SA Blond's and TFO Dvorak's alleged conduct was indeed "a benefit to" the FBI, their federal employer for FTCA allegation purposes. *Finley*, 2018 WL 784588 at \*3.

**C.    Certification of Federal Law Enforcement Officers within the Scope of their Federal Employment.**  Based on the foregoing, the underlying criminal and civil case records, as well as other currently available information, including but not limited to SA Blond and TFO Dvorak being members of the FBI's Seattle Safe Child Task Force, a subset of the FBI's Safe Streets Task Force, I hereby certify, on behalf of the Attorney General, and pursuant to §§ 2679(d)(1) and (2), the Federal Tort Claims Act and Westfall Act, that FBI SA Sara Blond and FBI TFO Lovisa Dvorak were acting within the scope of their federal law enforcement appointments at the material times alleged and/or referenced by the parties in this lawsuit.

Therefore, the United States will, upon the filing of this Certification and by operation of statute, be immediately substituted as the named party Defendant for Plaintiffs' First Amended Complaint (Dkt. 8*),* which personally named the defendants who are individually immune from any alleged federal tort liability under the Westfall Act., *id.,* and they should no longer be named

Federal Certification of Scope of Employment  -  4     *United States Attorney's Office (EDWA)*
P.O. Box 1494, Spokane, WA 99210-1494
(509) 353-2767

defendants in Plaintiffs' First Amended Complaint. *Id.* See 28 U.S.C. § 2679(d)(1); *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (upon certification, employee is dismissed from the action for FTCA purposes, and the United States is substituted as defendant); *see also Martinez v. City of West Sacramento*, 2019 WL 448282 (E.D. Cal. 2019).

RESPECTFULLY SUBMITTED this 7th day of May 2024.

Vanessa R. Waldref
United States Attorney (EDWA)

*/s/ Brian M. Donovan*
Brian M. Donovan
Civil Chief, U.S. Attorney's Office
Assistant U.S. Attorney

Federal Certification of Scope of Employment  -  5

*United States Attorney's Office (EDWA)*
P.O. Box 1494, Spokane, WA 99210-1494
(509) 353-2767

***Certificate of Service***

I hereby certify that on May 7, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Geoffrey M. Grindeland:      geoff@seamarklaw.com
> Nicole C. Carsley:           nikki@seamarklaw.com

And to the following non-CM/ECF participant(s):      Aubrey V. Taylor
#36873086
Atwater U.S. Penitentiary
Inmate Mail/Parcel
P.O. Box 019001
Atwater, CA 95301

*/s/Timothy M. Durkin*
Assistant United States Attorney

Federal Certification of Scope of Employment  -  6          *United States Attorney's Office (EDWA)*
P.O. Box 1494, Spokane, WA 99210-1494
(509) 353-2767