Honorable John C. Coughenour
Honorable David W. Christel

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AUBREY V. TAYLOR,

                    Plaintiff,

        v.

SARA BLOND, *et al.*,

                    Defendants.

No. 2:23-cv-01717-JCC-DWC

DETECTIVE DVORAK'S MOTION FOR JUDGMENT ON THE PLEADINGS

Note on Motion Calendar:
July 8, 2024

Detective Dvorak moves for judgment on the pleadings for three independent reasons. First, an alleged delay in seeking a search warrant in a sex-trafficking investigation is not a cognizable *Bivens* claim. Second, the Complaint fails to allege any personal involvement by Detective Dvorak in obtaining the warrant. Third, Detective Dvorak is entitled to qualified immunity.

**FACTS**

Plaintiff Aubrey Taylor has sued FBI Special Agent Sara Blond and City of Kent Detective Lovisa Dvorak for alleged violation of his rights under the Fourth Amendment. (*See* Dkt. 8 at 4.) Specifically, he alleges there was an "unnecessary delay in seeking

DETECTIVE DVORAK'S MOTION FOR
JUDGMENT ON THE PLEADINGS
(No. 2:23-cv-01717-JCC-DWC) - 1

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

[a] search warrant" for his Galaxy S5 cellphone. (*Id.*)

The cellphone at issue was seized when Mr. Taylor was arrested in December 2015. (*Id.*) Special Agent Blond applied for the warrant to search the phone in February 2017. (*Id.* at 5.) Mr. Taylor does not allege that Detective Dvorak applied for the warrant, and she did not, (*see* Application for a Search Warrant at 25, *United States v. Taylor*, No. 2:16-cr-00300-RSL (W.D. Wash. Dec. 20, 2018), Dkt. 170.)

Magistrate Judge Brian Tsuchida reviewed the application and issued the search warrant on February 3, 2017. (*See* Decl. of Geoff Grindeland, Ex. A at 1.)

In the criminal proceedings, Mr. Taylor moved to suppress the evidence from the Galaxy S5 phone based on the delay between seizing the phone and obtaining a warrant to search it. (*See* Mot. to Suppress, *Taylor*; No. 2:16-cr-00300-RSL (W.D. Wash. Dec. 20, 2018), Dkt. 168.) Judge Robert Lasnik denied the motion, ruling that Mr. Taylor's "possessory interest was not meaningfully affected by the delay between the seizure of the S5 and the extraction of the data on it" since the phone had evidentiary value independent of its contents and, therefore, would not have been returned to him before the trial anyway. (*See* Order Denying Def.'s Mot. to Suppress at 4, *Taylor*, No. 2:16-cr-00300-RSL (W.D. Wash. Feb. 15, 2019), Dkt. 239.)

On appeal, the Ninth Circuit ruled that evidence from the Galaxy S5 phone should have been suppressed. *United States v. Taylor*, 828 F. App'x 491, 492 (9th Cir. 2020). Without detailing its analysis, the Ninth Circuit panel stated that, based on its own view of the "totality of the circumstances, the government's 14-month delay in obtaining a warrant to search the phone was unjustifiably long and constitutionally unreasonable." *Id.* As a result, the Ninth Circuit vacated the convictions for two counts

DETECTIVE DVORAK'S MOTION FOR
JUDGMENT ON THE PLEADINGS
(No. 2:23-cv-01717-JCC-DWC) - 2

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

of sex-trafficking a minor. *See id.* at 493. But Mr. Taylor's convictions for three counts of sex trafficking of an adult by force, fraud, or coercion were affirmed. *See id.*

On remand for resentencing, Judge Lasnik imposed the same 23-year sentence. (*See* Minute Entry, *Taylor*, No. 2:16-cr-00300-RSL (W.D. Wash. Aug. 18, 2022), Dkt. 460.) Among other factors Judge Lasnik considered, he noted that Mr. Taylor had, indeed, engaged in sex-trafficking of a minor. (Resentencing Transcript at 27, *Taylor*, No. 2:16-cr-00300-RSL (W.D. Wash. Oct. 29, 2022), Dkt. 466.) Although this no longer counted as a conviction, it could still be considered as relevant conduct for sentencing purposes. (*See id.*) Mr. Taylor appealed the new sentence, but the Ninth Circuit affirmed it. *United States v. Taylor*, 2024 WL 1108601, at *1 (9th Cir. 2024).

## ARGUMENT

A Rule 12(c) motion for judgment on the pleadings is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (timing is different, but "the motions are functionally identical"). Under Rule 12, dismissal of claims can be based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Both types of deficiencies—legal and factual—are present here. Mr. Taylor has not identified a cognizable legal theory since his claim would be an unwarranted extension of *Bivens* liability. And Mr. Taylor has not alleged sufficient facts against Detective Dvorak, as she was not the officer who obtained the search warrant. Dismissal for either of these two reasons is appropriate. Additionally, even if Mr. Taylor had alleged sufficient facts to support a cognizable legal theory against her, Detective

DETECTIVE DVORAK'S MOTION FOR
JUDGMENT ON THE PLEADINGS
(No. 2:23-cv-01717-JCC-DWC) - 3

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

Dvorak is entitled to qualified immunity.

**The claim against Detective Dvorak must be analyzed under *Bivens*.**

The claim against Detective Dvorak must be analyzed under *Bivens* rather than under 42 U.S.C. § 1983. Although Detective Dvorak is employed as a police officer by the City of Kent, she was working as a member of a federal task force while investigating Mr. Taylor for sex trafficking. Specifically, she was a member of the FBI's Seattle Safe Child Task Force, a subset of the FBI's Safe Streets Task Force. (*See* Dkt. 19 at 4.) The United States has certified that Detective Dvorak "w[as] acting within the scope of [her] federal law enforcement appointment[ ] at the material times alleged and/or referenced by the parties in this lawsuit." (*Id.*)

And constitutional claims against a police detective assigned to a federal task force must be brought as *Bivens* claims, not § 1983 claims, because the detective's "conduct is fairly attributable only to the United States and not to the State." *King v. United States*, 917 F.3d 409, 433 (6th Cir. 2019), *rev'd on other grounds sub nom. Brownback v. King*, 592 U.S. 209 (2021); *see also Jakuttis v. Town of Dracut*, 95 F.4th 22, 29–30 (1st Cir. 2024) ("the mere fact that Poirier was also employed with the Massachusetts state police when these events occurred does not in and of itself suffice on this record to provide a plausible basis for attributing his conduct to anything other than his federal role").

**Mr. Taylor's claim is not cognizable under *Bivens*.**

The first reason Mr. Taylor's claim against Detective Dvorak must be dismissed is because no *Bivens* remedy is available under these circumstances. The Supreme Court first recognized an implied right of action for damages against federal officers for

DETECTIVE DVORAK'S MOTION FOR
JUDGMENT ON THE PLEADINGS
(No. 2:23-cv-01717-JCC-DWC) - 4

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

constitutional torts in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). That case involved claims against narcotics agents arising out of a warrantless arrest and search. *See id.* at 389. Since that 1971 decision, the Court has expanded the reach of this implied right of action only twice. *Egbert v. Boule*, 596 U.S. 482, 490–91 (2022). The Court allowed a gender-discrimination claim against a Congressman under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 230, 248–49 (1979), and a claim against prison officials for failure to provide adequate medical care under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 18–19 (1980). Both cases were decided more than 40 years ago.

Since then, the Supreme Court has "emphasized that recognizing a cause of action under *Bivens* is a disfavored judicial activity." *Egbert*, 596 U.S. at 491 (2022) (internal quotation marks omitted). It implicates separation-of-power concerns because "creating a cause of action is a legislative endeavor" that involves evaluation of policy considerations, such as economic concerns, administrative costs, and the potential impact on governmental operations systemwide. *Id.*

A court analyzing a proposed *Bivens* claim should proceed in two steps. *Id.* at 492. First, it should ask whether the case presents a new context that is meaningfully different from the three cases in which the Supreme Court has allowed a *Bivens* action. *Id.* Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there is any reason to think "that the Judiciary is at least arguably less equipped than Congress" to weigh the costs and benefits of allowing such a claim. *Id.* "If there is even a single reason to pause before applying *Bivens* in a new context, a court may not recognize a *Bivens* remedy." *Id.* (internal quotation marks omitted).

DETECTIVE DVORAK'S MOTION FOR
JUDGMENT ON THE PLEADINGS
(No. 2:23-cv-01717-JCC-DWC) - 5

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

In practice, this "stringent test will foreclose relief in all but the most extraordinary cases." *Marquez v. Rodriguez*, 81 F.4th 1027, 1030 (9th Cir. 2023). Although the Supreme Court has stopped short of overruling *Bivens*, it has effectively restricted the doctrine to the specific facts of *Bivens*, *Davis*, and *Carlson*. *See id.*

Here, Mr. Taylor's claim presents a new *Bivens* context because the Supreme Court hasn't previously recognized: (1) an action against federal officers investigating sex trafficking; or (2) an action alleging that officers took too long to obtain a search warrant. For both reasons, Mr. Taylor's claim is nothing like the three *Bivens* actions the Supreme Court has previously approved. *See Bivens*, 403 U.S. at 389 (narcotics agents' warrantless search, seizure, and handcuffing); *Davis*, 442 U.S. at 230 (Congressman's termination of female assistant); *Carlson*, 446 U.S. at 16 n.1 (prison officials' failure to treat inmate's asthma). And it is no answer that Mr. Taylor's claim arises under the Fourth Amendment, because the *Bivens* analysis is not conducted "on an amendment-by-amendment basis." *De La Paz v. Coy*, 786 F.3d 367, 372 (5th Cir. 2015); *Rodriguez*, 899 F.3d at 737 ("even though a *Bivens* action lies for some constitutional violations (like the Fourth Amendment claim in *Bivens*), it does not lie for all violations (like the Fourth Amendment claim in *Abbasi*)") (referring to *Ziglar v. Abbasi*, 582 U.S. 120 (2017)).

Since this is clearly a new context, a *Bivens* remedy is not permitted if there is even a single reason to think a court might be less suited than Congress to weigh the costs and benefits of allowing such a claim. *Egbert*, 596 U.S. at 492. And there are multiple reasons why Congress, not a court, should decide whether to expand liability here. For instance, the fear of personal liability would tend to make officers hesitate

DETECTIVE DVORAK'S MOTION FOR
JUDGMENT ON THE PLEADINGS
(No. 2:23-cv-01717-JCC-DWC) - 6

**SEAMARK LAW GROUP PLLC**
400 Winslow Way E, Ste 230
Bainbridge Island, WA 98110
(206) 502-2510

before taking vigorous enforcement action against sex traffickers. And Congress is in the best position to evaluate that tradeoff, especially considering that it has taken a keen interest in combatting sex trafficking, which Congress has labeled "a contemporary manifestation of slavery whose victims are predominantly women and children." 22 U.S.C. § 7101(a). Sex trafficking exposes its victims to serious health risks, "substantially affects interstate and foreign commerce," and "is an evil requiring concerted and vigorous action." 22 U.S.C. § 7101(b). Given Congress's prioritization of this human-rights issue, there is every reason to think Congress should decide when to allow claims against members of a federal task force investigating sex trafficking.

There are also other reasons to think that Congress is in the best position to consider whether to allow a claim like this one. Expanding *Bivens* to allow claims where officers have obtained a search warrant would vastly increase the number of cases against federal officers, burdening federal agencies and busy courts with much more litigation. And these types of cases would implicate separation-of-powers concerns, because of the overlapping responsibilities of the Executive Branch (investigating crimes and applying for warrants), the Judicial Branch (issuing warrants), and the Legislative Branch (enacting criminal laws and authorizing damages actions).

Furthermore, a court should not allow a *Bivens* claim if the plaintiff had alternative remedies, regardless of whether the other remedies would provide complete relief. *Egbert*, 596 U.S. at 492. In this case, Mr. Taylor had several alternative remedies. First, after his phone was first seized, he could have brought a motion under Federal Rule of Criminal Procedure 41(g) to have it returned to him. *See Quinones-Pimentel v. Cannon*, 85 F.4th 63, 75 (1st Cir. 2023) ("The upshot of all this is that Rule 41(g)

DETECTIVE DVORAK'S MOTION FOR
JUDGMENT ON THE PLEADINGS
(No. 2:23-cv-01717-JCC-DWC) - 7

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

functions as an alternative remedy for Appellants and, consequently, a special factor counseling against an extension of *Bivens* -- a conclusion reached by many other courts.").

Another alternative remedy was a damages action under the law-enforcement proviso to the Federal Tort Claims Act, which expressly allows claims against the United States arising out of alleged abuse of process or malicious prosecution by a federal law-enforcement officer. *See* 28 U.S.C. § 2680; *see also Millbrook v. United States*, 569 U.S. 50, 55 (2013).

With respect to challenging the validity of the warrant, there were alternative remedies that Mr. Taylor has already pursued in the criminal proceeding: moving to suppress evidence obtained from his phone and then later appealing his convictions.

And to address and deter any alleged misconduct by members of the federal task force, Mr. Taylor could have lodged a complaint with the Justice Department's Office of the Inspector General, which is empowered to investigate such allegations. *See* 5 U.S.C. § 413; 28 C.F.R. §§ 0.29c, 0.29h. These types of "OIG procedures are adequate alternative remedies for *Bivens* purposes." *Massaquoi v. F.B.I.*, 2023 WL 5426738, at *2 (9th Cir. 2023); *see also Egbert*, 596 U.S. at 498 (grievance procedures provide "adequate deterrence" and afford an alternative remedy even if they don't provide for damages).

Both because there are reasons to think a court is less equipped than Congress to decide whether to allow a *Bivens* claim in this new context and because alternative remedies are available, Mr. Taylor's *Bivens* claim must be dismissed.

DETECTIVE DVORAK'S MOTION FOR
JUDGMENT ON THE PLEADINGS
(No. 2:23-cv-01717-JCC-DWC) - 8

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

**The Complaint fails to state a plausible claim against Detective Dvorak.**

A second, independent reason to dismiss the claim against Detective Dvorak is because Mr. Taylor's Complaint does not allege that she personally participated in any alleged violation of his rights.

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." A complaint does not satisfy this pleading standard if it contains only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, to satisfy Rule 8 and survive a motion to dismiss, "a complaint must contain sufficient factual matter accepted as true to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A court should apply a two-step approach when evaluating whether claims have been adequately pleaded. *Id.* at 679. First, the court should identify and disregard all legal conclusions and other conclusory statements, which are not entitled to an assumption of truth. *Id.* Second, the court should determine whether well-pleaded, factual allegations, which are entitled to an assumption of truth, "plausibly give rise to an entitlement to relief." *Id.*

Mr. Taylor's Complaint fails to state a plausible claim against Detective Dvorak because it does not allege that she was the officer who obtained the warrant to search his phone. On the contrary, the Complaint alleges that Special Agent Blond—not

DETECTIVE DVORAK'S MOTION FOR
JUDGMENT ON THE PLEADINGS
(No. 2:23-cv-01717-JCC-DWC) - 9

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

Detective Dvorak—"presented an affidavit in support of a search warrant for the S5 cellphone." (Dkt. 8 at 5.)

With respect to Detective Dvorak, therefore, Mr. Taylor fails to satisfy the requirement that in civil-rights suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018) ("These defendants cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct.").

While a plaintiff should usually be given an opportunity to amend a deficient Complaint, leave to amend may be denied if the proposed amendment would be futile. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). Here, amendment would be futile because it was indeed Special Agent Blond rather than Detective Dvorak who applied for the search warrant. (*See* Application for a Search Warrant, *Taylor*, No. 2:16-cr-00300-RSL, (W.D. Wash. Dec. 20, 2018), Dkt. 170.)

Therefore, Detective Dvorak should be dismissed from this case because Mr. Taylor has failed to plead a plausible claim against her.

**Detective Dvorak is entitled to qualified immunity.**

Qualified immunity is an additional, independent basis for dismissal of Mr. Taylor's claim against Detective Dvorak. Law-enforcement officers are entitled to immunity from civil liability when their conduct doesn't violate clearly established law. *Pearson v. Callahan*, 555 U.S. 223, 243–44 (2009). And whether a right was clearly established must be determined "in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part*

DETECTIVE DVORAK'S MOTION FOR
JUDGMENT ON THE PLEADINGS
(No. 2:23-cv-01717-JCC-DWC) - 10

SEAMARK LAW GROUP PLLC
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

*on other grounds by Pearson*, 555 U.S. at 236.

Qualified immunity acknowledges that it can be "difficult for an officer to determine how the relevant legal doctrine . . . will apply to the factual situation the officer confronts." *Saucier*, 533 U.S. at 205. It protects officers by ensuring that they are not subjected to litigation and potential liability unless they "are on notice their conduct is unlawful." *Id*. at 206. Indeed, it protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

The determination of qualified immunity is a question of law. *Dunn v. Castro*, 621 F.3d 1196, 1999 (9th Cir. 2010) (referring to second prong of *Saucier* test); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("On summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred.").

Moreover, qualified immunity should be decided promptly, because it is immunity from suit rather than a mere defense to liability, and its benefits are lost if litigation is allowed to proceed. *Pearson*, 555 U.S. at 231. In fact, the "driving force" behind creation of the qualified-immunity doctrine was to ensure insubstantial claims against police officers and other government officials would be resolved prior to discovery. *Id.* Thus, the Supreme Court has repeatedly stressed the importance of deciding qualified immunity at the earliest possible stage. *Id.* at 232.

Keeping these principles in mind, Detective Dvorak is entitled to qualified immunity because Mr. Taylor has not alleged violation of clearly established law. Even if Detective Dvorak had been personally involved in obtaining the warrant to search the phone, there was no prior case putting officers on notice that the delay was

DETECTIVE DVORAK'S MOTION FOR
JUDGMENT ON THE PLEADINGS
(No. 2:23-cv-01717-JCC-DWC) - 11

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

unreasonable under these facts.[1] On the contrary, this is a nuanced legal issue that involves a "balancing test" and that requires consideration of "the totality of the circumstances." *United States v. Sullivan*, 797 F.3d 623, 633 (9th Cir. 2015). "Such determinations are made on a case-by-case basis." *Id.*

Moreover, the fact that two federal judges independently concluded that any delay in seeking the warrant was reasonable shows that this is not a situation where officers violated clearly established law. Magistrate Judge Tsuchida implicitly found the timing reasonable when he issued the warrant, and Judge Lasnik expressly ruled that, based on "the totality of the circumstances, the delay was reasonable." (Order Denying Defendant's Mot. to Suppress at 4, *Taylor*; No. 2:16-cr-00300-RSL (W.D. Wash. Feb. 15, 2019), Dkt. 239.) If two experienced federal judges believed the warrant was reasonable under the Fourth Amendment, it can't be said that officers knowingly violated the law.

This is why officers usually are entitled to qualified immunity from claims for searches pursuant to a warrant. *See Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012). Where an alleged violation of the Fourth Amendment relates to a search pursuant to a warrant, "the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner." *Id.*

The only exception to the general rule that officers relying on a search warrant are entitled to qualified immunity is when there is a deficiency with the warrant so obvious that no reasonably competent officer would have believed the warrant could be

---

[1] For this reason, Special Agent Blond is also entitled to qualified immunity.

DETECTIVE DVORAK'S MOTION FOR
JUDGMENT ON THE PLEADINGS
(No. 2:23-cv-01717-JCC-DWC) - 12

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

valid. *See id.* at 547. And "the threshold for establishing this exception is a high one," because ordinarily officers can't be expected to question a judge's probable-cause determination. *Id.*

In this case, there are no facts to suggest the alleged deficiency with the warrant was so obvious that any reasonably competent officer would have recognized the warrant was invalid. Therefore, Detective Dvorak is entitled to qualified immunity.

For all three reasons explained above, Mr. Taylor's claim against Detective Dvorak should be dismissed.

DATED: June 10, 2024

SEAMARK LAW GROUP PLLC
Attorneys for Detective Dvorak

I certify that this memorandum contains 3,362 words (*i.e.*, less than 8,400 words), in compliance with the Local Civil Rules.

*s/Geoff Grindeland*
Geoff Grindeland, WSBA No. 35798
Nikki Carsley, WSBA No. 46650
Seamark Law Group PLLC
400 Winslow Way E, Ste 230
Bainbridge Island, WA 98110
(206) 502-2511
geoff@seamarklaw.com
nikki@seamarklaw.com

DETECTIVE DVORAK'S MOTION FOR
JUDGMENT ON THE PLEADINGS
(No. 2:23-cv-01717-JCC-DWC) - 13

SEAMARK LAW GROUP PLLC
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

## CERTIFICATE OF SERVICE

I certify that on the date below I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorney for Special Agent Blond**
Timothy M. Durkin, Asst. U.S. Attorney

I further certify that on the date below I mailed by U.S. Postal Service a copy of the foregoing document to the following non-CM/ECF participants:

**Plaintiff *pro se***
Aubrey V. Taylor
#36873-086
Atwater U.S. Penitentiary
PO Box 019001
Atwater, CA 95301

DATED: June 10, 2024

*s/Geoff Grindeland*
Geoff Grindeland

DETECTIVE DVORAK'S MOTION FOR
JUDGMENT ON THE PLEADINGS
(No. 2:23-cv-01717-JCC-DWC) - 14

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510