AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>A black Samsung Galaxy S5 cellular phone with number<br>206-432-5083 | )<br>)<br>)  Case No.  MJ17-036 (1)<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Western_____ District of _____Washington_____
*(identify the person or describe the property to be searched and give its location)*:

A black Samsung Galaxy S5 cellular phone with number 206-432-5083 as further described in Attachment A, which is attached hereto and incorporated herein by this reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, which is attached hereto and incorporated herein by this reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____any U.S. Magistrate Judge_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    02/03/2017 0:00 am                          *Judge's signature*

City and state:    Seattle, Washington              BRIAN A. TSUCHIDA, U.S. MAGISTRATE JUDGE
                                                    *Printed name and title*

Ex. A to Grindeland Decl.                                    2015R01233

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>  CR16-300-RSL | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br><br>Date:  _____<br><br><br>                                                      *Executing officer's signature*<br><br><br>                                                      *Printed name and title* |

2015R01233

## ATTACHMENT A

## ITEMS TO BE SEARCHED

The property to be searched is:

a.      **Subject Device 1:**  One black Samsung Galaxy S5 cellular phone, model SM-G900T, serial number R38F80A0BDf, telephone number (206) 432-5083, seized on December 8, 2015, during AUBREY TAYLOR's arrest in King County, Washington, which is currently secured in evidence at FBI Seattle and

b.      **Subject Device 2:**  One Samsung Galaxy S6 cellular phone, model SM-G920T, bearing serial number 359462063648926, seized on June 15, 2016, during AUBREY TAYLOR's arrest in King County, Washington, currently secured in evidence at FBI Seattle.

c.      **Subject Evidence:**  One black duffel bag, seized on June 15, 2016 during AUBREY TAYLOR's arrest, in King County, Washington, currently secured in evidence at FBI Seattle.

This warrant authorizes the forensic examination of the SUBJECT DEVICES for the purpose of identifying the electronically stored information described in Attachment B.

BLOND AFFIDAVIT/USAO 2015RO1233
UNITED STATES v. TAYLOR/CR16-300 RSL - 25

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ATTACHMENT B**

The items to be seized are the following, which constitute evidence of criminal activity consistent of the crime of Sex Trafficking of a Minor or through Force, Fraud, and Coercion, in violation of Title 18, United States Code, Section 1591.

**THE SUBJECT DEVICES**

The following records, documents, files or material, in whatever form, including electrical, electronic and magnetic form, on the SUBJECT DEVICES described in Attachment A:

1.    Photographs:

- used to post on the Internet for advertising escort services;

- of criminal associates and women working with or for AUBREY TAYLOR

- of the potential proceeds of prostitution activity, including but not limited to large sums of cash, clothing, jewelry, electronics, and vehicles;

- of sites or locations where AUBREY TAYLOR and his associates or sex workers may have engaged in prostitution activities; and

- constituting potential child pornography.

2.    "Geocode" or GPS information embedded in the seized photographs that provide information about the location where a particular photo was taken.

3.    Contact lists and address books which may include names, telephone numbers, addresses, and email addresses of associates, customers, and/or sex workers involved in prostitution and sex trafficking; SMS or pager addresses, including E-mail correspondences, saved web links, content and connection log files, including dates, times, methods of connecting.

4.    Communications, including but not limited to email communications, with websites offering escort services; communications, including but not limited to email communications, between potential customers and prostitutes; communications, including but not limited to email communications, involving prostitution and/or sex

BLOND AFFIDAVIT/USAO 2015RO1233
UNITED STATES v. TAYLOR/CR16-300 RSL - 26

trafficking; communications, including but not limited to email communications, with social networking sites regarding prostitution or sex trafficking.

5.    Internet chat files involving prostitution and sex trafficking.

6.    Internet browsing history stored on the SUBJECT DEVICES that may be evidence of prostitution and sex trafficking, including visits to escort websites such as Backpage.com, social media websites such as Facebook.com, or websites that are indicative of travel to other locations, such as hotel websites, car rental websites, or travel recommendations such as Yelp.

7.    A list of all applications downloaded to, installed to, or visited from the SUBJECT DEVICES.

8.    All passwords saved on the SUBJECT DEVICES.

9.    Communications, including but not limited to email communications, between AUBREY TAYLOR, and his criminal associates and victims/sex workers.

10.    Documents, including but not limited to electronic documents, showing communication with internet posting services used to post escort services.

11.    Documents, including but not limited to electronic documents, log books, identification paperwork, letters, notes which may contain evidence of prostitution activity.

12.    Documents, including but not limited to electronic documents, which may contain customer lists, money owed or received from the illegal activity of prostitution;

13.    Personal identification information.

14.    Call logs, including incoming and outbound phone calls dialed or completed and any related phone number.

15.    Any incoming and outgoing text messages, drafts of text messages, text notes, passwords or codes, potentially indicative of prostitution, sex trafficking, or intercountry or interstate travel.

16.    Any accessible voicemail messages or voice notes potentially indicative of prostitution, sex trafficking, or intercountry or interstate travel.

BLOND AFFIDAVIT/USAO 2015RO1233
UNITED STATES v. TAYLOR/CR16-300 RSL - 27

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

17.     Any videos or other multimedia files relating to prostitution, sex trafficking, or intercountry or interstate travel.

18.     Any calendar data, including but not limited to appointments, notes, contact information, directions, coordinates, travel information, bank account numbers.

19.     Electronically-stored data identifying geographic locations based on the tracking and mapping by a GPS device.

20.     Any location data contained in any mapping applications such as Google Maps or Mapquest.

21.     Evidence of user attribution showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

22.     Any information regarding the use by AUBREY TAYLOR and/or any of his prostitution associates or victims to use social networking sites, including but not limited to Facebook, Meetme.com, Carrot.com, or Backpage.com to recruit victims or engage in sex trafficking activities.

**THE SUBJECT EVIDENCE**

The following items, in whatever form, found in the SUBJECT EVIDENCE described in Attachment A:

1.     Sexual Paraphernalia and Biological Matter, to include paraphernalia and devices used in the commercial sex business, such as condoms, lubricants, lotions, sex toys, towels, hand cleanser, lingerie, and any similar items; and any and all body fluids and trace evidence possibly transferred during any type of sexual activity, including body fluids and trace evidence such as saliva, semen, hair, and other similar biological matter.

2.     Financial Records.  Records that show income and expenditures, property ownership, rental or dominion and control, net worth including bank records, safety deposit records and keys, credit card records, bills, tax returns, receipts for personal property, negotiable instruments, bank drafts, cashiers checks, loan documents and

BLOND AFFIDAVIT/USAO 2015RO1233
UNITED STATES v. TAYLOR/CR16-300 RSL - 28

similar items and cash, currency, negotiable instruments.  This also includes false and fictitious business records, accounts in foreign and domestic banks, securities, cashier's checks, money drafts, letters of credit, brokerage houses, real estate shell corporations, and business fronts: and sometimes transfer to third persons or purchase in another person's name, real and personal property.

3.     Photographs.   Photographs, video tapes, or similar items depicting advertisements for sexual services, or photographs of the defendant, victims, or co-conspirators.

4.     Personal Property.   Evidence of wealth such as jewelry, precious metals, stocks, bonds, currency and coinage, financial instruments.

5.     Digital Devices.   Digital devices such as telephones, cellular phones, pagers, PDAs (Personal Digital Assistants), computer tablets, or laptops.

6.     Identification documents.  Domestic and foreign passports and visas whether authentic or false, identification documents, driver's licenses, and social security cards whether authentic or false.

7.     Business records.  Any business records, including notes, ledgers, or notebooks that may contain evidence of AUBREY TAYLOR's involvement in the sex trafficking business.

8.     Travel documents or materials.  Any evidence, including hotel keys, hotel bills, car rental receipts, airline records, maps, or other financial that constitute evidence of the travel by AUBREY TAYLOR.

BLOND AFFIDAVIT/USAO 2015RO1233
UNITED STATES v. TAYLOR/CR16-300 RSL - 29

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970