UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AUBREY V. TAYLOR,<br><br>                Plaintiff,<br>   v.<br><br>SARA BLOND, et al.,<br><br>                Defendants. | CASE NO. 2:23-cv-01717-JCC-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: October 7, 2024 |

Plaintiff Aubrey V. Taylor, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] Defendants Sara Blond and Lovisa Dvorak each filed a Motion for Judgment on the Pleadings. Dkts. 20, 24. After consideration of the relevant record, the Court concludes Plaintiff's claim presents a "new context" under *Bivens*. Further, there are alternative remedies available and, therefore, "special factors" do not justify expanding *Bivens* in this case. Accordingly, the Court recommends the Motions (Dkts. 20, 24) be granted, the First Amended Complaint be dismissed with prejudice, and this case be closed.

---

[1] The District Court has referred this action, to United States Magistrate Judge David W. Christel.

REPORT AND RECOMMENDATION - 1

I.  **Background**

In the First Amended Complaint ("FAC"), Plaintiff alleges Defendants violated his Fourth Amendment rights when they delayed in obtaining a search warrant for a Galaxy S5 cell phone that had been seized from Plaintiff fourteen months before the search. Dkt. 8.

On May 7, 2024, Defendant Blond filed a Motion to Dismiss. Dkt. 20. On June 10, 2024, Defendant Dvorak filed a Motion for Judgment on the Pleadings. Dkt. 24. Plaintiff filed a response to Defendant Dvorak's Motion, but has not filed a response to Defendant Blond's Motion. *See* Dkt. 32. Defendant Dvorak filed a reply and an amended reply. Dkts. 29, 34. The parties did not request oral argument and the Court finds this matter can be decided on the record, without oral argument.

II.  **Standard of Review**

A motion to dismiss[2] can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

---

[2] Defendant Dvorak moved for dismissal of Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(c). Dkt. 24. A motion for a judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cnty. of Los Angeles,* 179 F.3d 698, 699 (9th Cir. 1999). Because a Rule 12(b)(6) motion to dismiss and a Rule 12(c) motion are functionally identical, the motion to dismiss standard applies to Rule 12(c) motions. *Dworkin v. Hustler Mag. Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989).

REPORT AND RECOMMENDATION - 2

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

### III. Discussion

In the FAC, Plaintiff alleges Defendants arrested Plaintiff on unrelated state charges in December of 2015. Dkt. 8. At that time, case agents seized Plaintiff's Galaxy S5 cell phone ("the S5"). *Id.* at 4. Plaintiff was released from custody in February of 2016. *Id.* at 5. Plaintiff states the phone was not returned to him and case agents did not obtain a search warrant while he was in custody. *Id.* In June of 2016, Plaintiff was arrested by Kent Police Department officers for violation a no contact order. *See U.S.A. v. Taylor*, 2:16-cv-300-RSL (W.D. Wash.) at Dkt. 239.[3]

---

[3] The Court takes judicial notice of filings in Plaintiff's criminal case to ensure a more complete understanding of the factual allegations contained in the FAC.

REPORT AND RECOMMENDATION - 3

Plaintiff contends that Defendant Dvorak presented an affidavit in support of a criminal complaint, which led to his arrest and seizure of another cell phone. Dkt. 8 at 5. Plaintiff was indicted on federal charges on November 2, 2016. *Id*. In February of 2017, Defendant Blond presented an affidavit in support of a search warrant for the S5. *Id*. Plaintiff alleges the search warrant was not issued nor was the S5 searched until fourteen months after the S5 was seized. *Id*. He states the phone was used to secure convictions on two counts, which were overturned by the Ninth Circuit. *Id*. Specifically, the Ninth Circuit determined that the government's 14-month delay in obtaining a warrant to search the S5 was unjustifiably long and constitutionally unreasonable. *U.S.A. v. Taylor*, 2:16-cv-300-RSL (W.D. Wash.) at Dkt. 416.

The parties do not dispute that both Defendants were acting within the scope of their federal employment at the time of the search.[4] *See* Dkt. 19. A damages action against a federal official for Constitutional violations must be brought under *Bivens*. *Bivens* actions are the judicially crafted counterparts to § 1983 and are identical except for the replacement of a state actor with a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). The Court in *Bivens* explained that the remedy filled a gap in cases where sovereign immunity bars a damages action against the United States. *Bivens*, 403 U.S. at 409–10. To sustain a *Bivens* cause of action, a plaintiff must name a federal actor and show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of federal law. *Id.*; *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

---

[4] Defendant Blond alleges this case must be dismissed because Plaintiff's FAC alleges claims under 42 U.S.C. § 1983. Dkt. 20. The Court agrees that § 1983 applies only to claims against state actors and therefore does not provide a cause of action against the federal officials alleged to have violated Plaintiff's Constitutional rights. The Court, however, disagrees that Plaintiff is alleging a § 1983 claim against Defendants. Rather, the FAC does not specify a cause of action and the Court will liberally interpret the FAC to assert a claim under *Bivens*. *See* Dkt. 8.

REPORT AND RECOMMENDATION - 4

In *Bivens*, the Supreme Court recognized an implied cause of action to seek damages against federal narcotics officers for an unreasonable search and seizure under the Fourth Amendment. *Bivens*, 403 U.S. at 389–90. In *Bivens*, federal agents entered Bivens' apartment and arrested him. *Id*. at 389. The agents threatened Bivens' family, searched his apartment, took Bivens to a federal courthouse, interrogated him, and subjected him to visual strip search all without a warrant. *Id*.

The Supreme Court subsequently recognized a *Bivens* action in two other contexts. *See Davis v. Passman*, 442 U.S. 228 (1979) (recognizing a Fifth Amendment claim for gender discrimination in employment); *Carlson v. Green*, 446 U.S. 14 (1980) (recognizing an Eighth Amendment claim asserting cruel and unusual punishment against prison officials for failing to treat the prisoner's asthma). "*Bivens*, *Davis*, and *Carlson*[] represent the only instances in which the [Supreme] Court has approved an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017). Although the Supreme Court has not overruled *Bivens*, it has declined to recognize any new contexts since its decision in *Carlson*. *See id.* at 135 (noting *Bivens* is "settled law" but expanding the *Bivens* remedy is now a "'disfavored' judicial activity").

To help the lower courts determine whether to recognize a *Bivens* claim, the Supreme Court developed a two-step framework. *See Egbert v. Boule*, 596 U.S. 482, 492 (2022).

> First, [courts] ask whether the case presents "a new *Bivens* context"—*i.e.*, is it "meaningful[ly]" different from the three cases in which the Court has implied a damages action. Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are "special factors" indicating that the Judiciary is at least arguably less equipped than Congress to "weigh the costs and benefits of allowing a damages action to proceed." If there is even a single "reason to pause before applying *Bivens* in a new context," a court may not recognize a *Bivens* remedy.

*Id.* (citations omitted).

REPORT AND RECOMMENDATION - 5

The Supreme Court clarified that the two steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.* Recently, the Ninth Circuit stated "[u]nder *Egbert*, rarely if ever is the Judiciary equally suited as Congress to extend *Bivens* even modestly." *Mejia v. Miller*, 61 F.4th 663, 669 (9th Cir. 2023). "[T]he Supreme Court means what it says: *Bivens* claims are limited to the three contexts the Court has previously recognized and are not to be extended unless the Judiciary is better suited than Congress to provide a remedy." *Harper v. Nedd*, 71 F.4th 1183 (9th Cir. 2023).

Thus, at issue in this case, is whether Plaintiff's claim – a Fourth Amendment claim related to a delayed search of a cellphone – presents a "new context" or "special factors" to justify expanding *Bivens*.

A. <u>New Context</u>

First, the Court must determine if Plaintiff's claim presents a new context. According to the Supreme Court, a case may present a new context if there is a difference in,

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of special factors that previous *Bivens* cases did not consider.

*Ziglar*, 582 U.S. at 140.

A case also now presents a new context if the defendant is employed by a different agency than the one at issue in *Bivens*. *See Egbert*, 596 U.S. at 496 (concluding the question is "whether a court is competent to authorize a damages action not just against Egbert but against Border Patrol agents generally"); *see also Mejia*, 61 F.4th at 668 ("the question is whether to create a cause of action against all of an agency's officers").

REPORT AND RECOMMENDATION - 6

1    Here, like *Bivens*, Plaintiff's claim concerns an individual's Fourth Amendment right to
2    be free from unreasonable searches and seizures. However, this case does not involve a
3    warrantless search of Plaintiff's person or home like *Bivens*. Rather, in this case, the searched
4    item - the S5 - was not in Plaintiff's possession and had not been in his possession for 14 months.
5    The phone had been in the government's possession when it was seized in 2015. Further,
6    Defendants obtained a search warrant prior to searching the phone. Moreover, this case involves
7    a new category of Defendants – FBI agents and a city detective assigned to a federal task force.[5]
8    Plaintiff's allegations that his Fourth Amendment rights were violated when FBI agents delayed
9    in searching a cellphone belonging to Plaintiff but in the possession of the government "stand in
10   stark contrast" to the facts alleged in *Bivens*. Therefore, the Court concludes Plaintiff's claims
11   present a new context for *Bivens* claims. *See Massaquoi v. Fed. Bureau of Investigation*, 2023
12   WL 5426738, at *2 (9th Cir. Aug. 23, 2023) (finding a Fourth Amendment claim presented a
13   new *Bivens* context because the agents had a search warrant and the claim involved a new
14   category of defendants -- the FBI agents and the FBI Director); *Quinonez v. United States*, 667 F.
15   Supp. 3d 1015, 1036 (N.D. Cal. 2023) (finding "the plaintiffs' claims involving the alleged
16   search and seizure of mailed packages by Postal Service employees [stood] in stark contrast" to
17   the search and seizure claim in *Bivens*).
18   As the Court finds Plaintiff's claim creates a new context, the Court next analyzes
19   whether special factors exist making Congress more suitable than the Judiciary to create a cause
20   of action.

---

[5] In assessing whether a context is 'new,' the Supreme Court has instructed courts not to examine lower court cases, but only 'the three cases in which the [Supreme] Court has implied a damages action.'" *Pettibone v. Russell*, 59 F.4th 449, 455 (9th Cir. 2023) (quoting *Egbert*, 596 U.S. at 492). Thus, the Court need not examine the facts in or make comparisons to lower court cases.

REPORT AND RECOMMENDATION - 7

B.  Special Factors

In determining whether *Bivens* should be extended into the new context presented by this case, the Court considers whether there are alternative remedies available to the Plaintiff or other "sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy." *Ziglar*, 582 U.S. at 149. As the Supreme Court explained in *Ziglar*, "the existence of alternative remedies usually precludes a court from authorizing a *Bivens* action."[6] *Id*. Post-*Ziglar*, the Ninth Circuit concluded that where a plaintiff has adequate alternative remedies, a court may decline to expand *Bivens* without consideration of other special factors that would counsel hesitation to extend *Bivens*. *See Vega v. United States*, 881 F.3d 1146, 1153 (9th Cir. 2018).

Defendants argue that Plaintiff had several alternative remedies available to him including: (1) Federal Rule of Criminal Procedure 41(g); (2) the Federal Tort Claims Act ("FTCA"), (3) 28 U.S.C. § 2255; and (4) lodging a complaint with the Justice Department Office of the Inspector General ("OIG"). Dkts. 20, 24. The Court is not convinced that Plaintiff had available to him the plethora of remedies suggested by Defendants. However, it is clear that Plaintiff, at the very least, had remedies available to him under the OIG. Plaintiff "may report non-frivolous allegations of misconduct to the Department's [OIG], which may investigate the allegations or refer them for investigation by another department." *Massaquoi*, 2023 WL 5426738, at *2 (citing 5 U.S.C. § 413(b)(2), (d); 28 C.F.R. §§ 0.29c(d), 0.29h). The Ninth Circuit has found the Department of Justice's OIG procedures provide an adequate alternative remedy for *Bivens* purposes. *Massaquoi*, 2023 WL 5426738, at *2; *see also Pettibone v. Russell*, 59 F.4th 449, 456–57 (9th Cir. 2023) (addressing the Department of Homeland Security's OIG

---

[6] The Supreme Court has explained that alternative remedies and a potential *Bivens* remedy "need not be perfectly congruent." *Minneci v. Pollard*, 565 U.S. 118, 129 (2012).

REPORT AND RECOMMENDATION - 8

grievance procedures and finding it precluded a *Bivens* action). Because Plaintiff had other remedies available to him, a *Bivens* remedy should not be extended to Plaintiff's claim.

Plaintiff has no cause of action under *Bivens*; therefore, the undersigned declines to consider Defendants' remaining arguments.

IV.   **Conclusion**

Based on the foregoing, this Court recommends Defendant Blond's Motion to Dismiss (Dkt. 20) and Defendant Dvorak's Motion for Judgment on the Pleadings (Dkt. 24) be granted, and Plaintiff's FAC (Dkt. 8) and this action be dismissed with prejudice.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 7, 2024**.

Dated this 16th day of September, 2024.

David W. Christel
United States Magistrate Judge